Nash, J.
 

 We think his Honor erred, and that the executions were void, conferring on the Sheriff no power to sell, and, of course, that the defendant acquired no title to the land under the Sheriff’s deed. The title of Joseph Roberson is a common starting point, both to the plaintiff and defendant; both parties claim under him, and there is no controversy as to the plaintiffs being his heirs. The defendant claiming under an execution sale, must show not only a judgment against the heirs, but also an execution.
 

 Until the act of 1784, there was no law in this State, by which the lands of a deceased debtor could be subjected, in the hands of his heirs, or devisees, to the payment of his simple contract debts. That act directs, that when in an action at law, an executor or administrator should plead fully administered, no assets, or not sufficient assets to satisfy the plaintiff’s demand, and such plea should bo found in favor of the defendant, the plaintiff may proceed to asceidain his demand, and sign judgment ; but before taking out execution against the real estate of the deceased debtor, a writ of
 
 scire facias
 
 shall issue, summoning the heirs or devisees to show cause why execution shall not issue against the real estate of
 
 *93
 
 such debtor, for the amount of such judgment, or so much thereof, as the personal assets were not sufficient to disj charge ; and if judgment should pass against such heirs or devisees, or any of them, execution shall issue against the lands of the deceased debtor, in their hands. Hoyt obtained a judgment against the administratrix of Joseph Roberson, but upon her denial of assets, under the provision of the act of the General Assembly, the magistrate returned the proceedings to the County Court, when the plaintiff, instead of putting the defendant to the trouble of showing she had no assets, admitted the fact to bn so, and suggested that real estate had descended to the heirs of the debtor. It is objected, that the state of the assets was not passed on by the jury ; that they have not found there were no assets. It is sufficient, if the record shows'that such proceedings were had in relation to the assets, as authorised Ihe Court to give judgment against the land, and we think it docs. The finding of the state of the assets between the creditor and the administratrix, is conclusive only between them. The truth of that finding may be controverted by the heirs, when called in. It is therefore a matter of more form, how their state is found, whether by a jury or by the admission of the party.
 

 The Court ordered a
 
 scire facias
 
 to issue to the heirs, which was done, and they failed to make any defence ; judgment was taken against them for the amount of the debt, and an execution ordered by the Court to issue, to sell the descended lands. The record of the suit in the County Court is very scant and defective, and the
 
 scire facias
 
 very inartificially drawn; but enough of substance appears in each, to warrant the judgment against the heirs and the issuing of an execution. Had the paper produced in this case, and called an execution, been such as the law so regards, the title of the defendant would have been, under the sale and sheriff’s deed, good against all the parties'to the
 
 scire facias ;
 
 but, it is not. An ex
 
 *94
 
 ecution is the fruit of the law,
 
 fructus et effectus legis.
 
 But in order to have that effect, it must pursue the judg-mcnt. In the case of Hoyt, the judgment on the
 
 scire facias
 
 is against Mary Roberson, Joshua A. Roberson, Alfred S. Cherry, and his wife Martha, Mary Emily Smithwick, Martha Ann Smithwick, Joshua E. Smith-wick, and Susan Smithwick, heirs of Joseph Roberson. And against these individuals the Court ordered an execution to issue, to sell the lands descended to them. The •execution does not so issue. It commands the Sheriff, “ that of the lands and tenements
 
 of the heirs
 
 at law of Joseph Roberson, descended, you cause to be made, &c.” Every execution must issue in the
 
 name
 
 of the plaintiff, and against the defendant
 
 by name,
 
 otherwise it will not T>e warranted by the judgment, because the latter is against the defendant as he is
 
 named in it. 2 vol. Tidd’s Prac.
 
 1121.
 
 2 Saun.72, i.
 
 1
 
 Lord Hay.
 
 244.
 
 Pennoyer and Brace, and
 
 the same case, 1
 
 Sal.
 
 319. It is not then sufficient for the execution to issue against the defendants as heirs, or by the name of heirs ; they must be named in it'; otherwise, it is void, and conveys no authority to the Sheriff to sell.
 
 Newsom and Newsom,
 
 4
 
 Ired.
 
 387.
 

 Ruffin, C. J.
 

 The lessors of the plaintiff claim the premises as the five co-heirs of Joseph Roberson, who died seised in fee ; and the defendant claims by a Sheriff’s sale under a
 
 fieri facias.
 
 The facts are these. A creditor of the deceased confessed the plea of plene administravit by the personal representative, and took judgment ascertaining his debt, and sued out a
 
 scire facias
 
 against certain persons, as heirs of the deceased. The persons against whom the writ issued, were four only of the heirs, omitting Jesse Barnes and his wife Nancy, who was one of the heirs; and there was judgment against the land descended to the four persons named in the process. A writ of
 
 fieri facias,
 
 then issued, commanding the Sheriff that “ of the lands and tenements of the heirs
 
 *95
 
 at law of Joseph Roberson, deceased, you cause to be made the sum, &c. which was lately adjudged by, &e. in a suit in which J. S. was plaintiff and they defendants, &c.” The question is, whether the Sheriff’s sale under those proceedings is valid or not.
 

 It is very clear, that the sale passed nothing. Of course, we are not to enter into the enquiry, whether the proceedings in the suit were regular or the judgment erroneous; for it cannot be questiotied collaterally, however erroneous it might be. But the point is, whether what was done under the judgment was properly done. Now, although a
 
 scire facias
 
 against heirs and
 
 terre-tenants
 
 need not name them, but leave it to the Sheriff to summon and return them, yet the judgment is always against particular persons, and it was so in this case. And the writ of execution must name the same persons ; first, because it is necessary that it should conform to the judgment in all respects ; and secondly, that the Sheriff may know certainly whose property he is to sell. This writ runs against the lands descended “ to the heirs of Joseph Roberson,” without saying who they are and thus leaving it to the Sheriff to judge thereof; which is often a difficult point, and is one,'on which there is no opportunity for the person to be heard in Court. Moreover, if the general description were sufficient in a judgment and execution, this writ would be void, because it purports to issue on a judgment rendered against “ the heirs,” who are in fact five in number, whereas, the judgment actually was against four pei’sons by their respective Christian and sir-names, who were some of the heirs. Th
 
 e fieri facias
 
 was therefore void, and the plaintiff ought to have recovered the whole premises.
 

 PeR Curiam. Judgment reversed and
 
 venire de novo.